IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VERIZON WIRELESS (VAW) LLC,
d/b/a VERIZON WIRELESS,

        Plaintiff,

vs.                                CIVIL NO. 1:16-cv-00117-KG-WPL

CITY OF LAS CRUCES, NEW MEXICO, and
CITY OF LAS CRUCES CITY COUNCIL,

        Defendants.

## MUTUAL CONSENT DECREE

THIS MATTER having come before the Court on the Joint Motion for Entry of Mutual Consent Decree, and the Court finding good cause therefor, the Court hereby finds and orders:

1.     As relevant to this matter, the Tenth Circuit notes:

> The Telecommunications Act of 1996 (TCA) preserves the authority of state and local governments "over decisions regarding the placement, construction, and modification of personal wireless service facilities." 47 U.S.C. § 332(c)(7)(A). There are, however, a number of limitations on the exercise of that authority, including that any decisions cannot "prohibit or have the effect of prohibiting the provision of personal wireless services." *Id.* § 332(c)(7)(B)(i)(II).

AT&T Mobility Services, LLC v. Village of Corrales, ___ Fed. 3d ___, 2016 WL 873398 (10th Cir. March 8, 2016).

2.     Plaintiff Verizon Wireless (VAW) LLC, d/b/a Verizon Wireless ("Verizon") submitted an application ("SUP-15-01") to the Defendant City of Las Cruces, New Mexico (the "City") for the siting, construction, and operation of a personal wireless services facility within the geographical borders of the City. Verizon's application was administered through the City planning process, and eventually was placed before the Defendant City of Las Cruces City Council ("City Council"), at which point the City Council denied Verizon's application.

3.      As a consequence of City Council's failure to grant Verizon's application, Verizon filed the instant suit to compel issuance of the necessary permit(s) to site, construct, and operate a personal wireless service facility at the location proposed in its application.

4.      Based on the representations set forth in the parties' Joint Motion for Entry of Mutual Consent Decree, it is this Court's Findings and Order that:

A.      Pursuant to the Telecommunications Act of 1996, Verizon has applied for permits to site, construct, and operate a personal wireless service facility within the geographic borders of the City under Application SUP-15-01; and

B.      Without ruling upon liability, pursuant to the Telecommunications Act of 1996, the City and its City Council may not prohibit Verizon's provision of personal wireless services by denying (or by failing to approve) Verizon's application, except to the extent that the City may impose reasonable limitations on such facility; and

C.      The City shall issue to Verizon, within twenty (20) days of entry of this Mutual Consent Decree, all necessary zoning, building, and other permits to site, construct, and operate a personal wireless service facility as requested in Verizon's Application SUP-15-01 and all related applications; and

D.      As part of the construction of the personal wireless service facility pursuant to Application SUP-15-01 and all related applications, Verizon shall, as reasonable limitations on the construction of the facility:

i.      Construct an opaque masonry wall around the base of the personal wireless services facility on the location described in Application SUP-15-01 (the "Facility"), which wall shall be approximately 10 feet in height; and

    ii.  Construct a tower of not more than 65 feet in height at the Facility; and

    iii.  The tower portion of the Facility shall have a stealth, "pine tree" appearance; and

    iv.  Landscape not less than fifteen percent (15%) of the surface area of the leased premises at the Facility (which "leased premises" shall be deemed to include access roads and parking spaces for the purpose of the calculation).

5. Each party shall bear its own costs and fees (including attorney's fees) in connection with this litigation.

6. The entry of the Decree hereunder shall constitute the final judgment of this Court for all purposes under Fed. R. Civ. P. 54.

7. The Court and parties acknowledge that issuance of the foregoing Mutual Consent Decree is in part in advancement of a separate settlement agreement between the parties. This Decree does not embody all the terms of the separate settlement agreement, and is not intended (and shall not operate) to displace any of the remaining terms of the private settlement agreement, which shall remain enforceable according to its terms.

8. This Mutual Consent Decree is hereby an Order of the Court.

               _____
               UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM:

*/s/ Stephen A. Hess*
Stephen A. Hess, N.M. Atty. ID#141597
SHERMAN & HOWARD L.L.C.
6565 Americas Parkway NE, Suite 250
Albuquerque, NM  87110
and
90 South Cascade Avenue, Suite 1500
Colorado Springs, CO 80903
Telephone:  (719) 475-2440
Facsimile:  (719) 635-4576
E-mail: shess@shermanhoward.com
*Counsel for Plaintiff, Verizon Wireless*

*/s/ Thomas R.A. Limon*
Thomas R.A. Limon, Assistant City Attorney
P.O. Box 20000
Las Cruces, NM  88004
E-mail:  tlimon@las-cruces.org
*Counsel for Defendants, City of Las Cruces,*
*New Mexico,*
*and City of Las Cruces City Council*

*/s/ Robert A. Cabello*
Robert A. Cabello, Assistant City Attorney
P.O. Box 20000
Las Cruces, NM  88004
E-mail:  rcabello@las-cruces.org
*Counsel for Defendants, City of Las Cruces,*
*New Mexico, and City of*
*Las Cruces City Council*

4